55 F.3d 684
 312 U.S.App.D.C. 119
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Kevin D. COLLINS, Appellant.
 No. 93-3141.
 United States Court of Appeals, District of Columbia Circuit.
 April 18, 1995.
 
 Before: BUCKLEY, HENDERSON, and TATEL, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case came to be heard on appeal from the United States District Court for the District of Columbia and was ably briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C. Cir. R. 36(b).
 
 
 2
 We affirm the district court's ruling that the police did not violate the "knock and announce" requirement of 18 U.S.C. Sec. 3109 (1988) when they executed a valid search warrant at appellant's residence. The government waived any argument regarding the appellant's ability to challenge the search by failing to raise the issue below. On the merits, we find no clear error in the district court's factual finding that the police waited 15-30 seconds after knocking before they entered. We review de novo the district court's conclusion that the officers were "effectively refused entrance." Under section 3109, an officer may make a forced entry if after notice of authority and purpose he or she "is refused admittance," 18 U.S.C. Sec. 3109, a phrase which "encompasses circumstances that constitute constructive or reasonably inferred refusal." United States v. Bonner, 874 F.2d 822, 824 (D.C. Cir. 1989). We engage in a "highly contextual analysis," id., to determine whether the police waited a "reasonable period of time," i.e., enough time "to give the occupants a reasonable opportunity to respond without giving them an opportunity to abscond or destroy evidence" before they entered the house. United States v. Wood, 879 F.2d 927, 932 (D.C. Cir. 1989). We find that the forcible entry after a 15-30 second wait was reasonable, despite the early hour of the search, given the officer's observance of lights on in the house and a face looking out an upper window, in addition to the fact that the object of the search was narcotics. See United States v. Davis, 617 F.2d 677, 695 (D.C. Cir. 1979), cert. denied, 445 U.S. 967 (1980).
 
 
 3
 The district court did not commit plain error when it allowed the jury access to non-evidentiary transcripts of wiretap tapes during their deliberations. See United States v. Olano, 113 S.Ct. 1770 (1993). We agree with defense counsel that the district court erred by contacting the jurors, post-trial, without notifying counsels or allowing them to be present. See United States v. Boylan, 898 F.2d 230, 258 (1st Cir.), cert. denied, 498 U.S. 849 (1990) (while a full evidentiary hearing is not required, the judge must "fashion a responsible procedure for ascertaining whether misconduct actually occurred and if so, whether it was prejudicial."); United States v. Campbell, 684 F.2d 141, 150-51 (D.C. Cir. 1982). Giving the defendant "the benefit of the doubt" that the transcripts were present during jury deliberations, we find that, while it is error to allow the jury to consider documents not in evidence, see United States v. Treadwell, 760 F.2d 327, 339 (D.C. Cir. 1985), cert. denied, 474 U.S. 1064 (1986), the error was not prejudicial in this case. We presume that the jury followed its instructions, Olano, 113 S.Ct. at 1781, to rely only on the tapes, not the transcripts. Indeed, the jury foreperson affirmatively stated that the jury understood this instruction. Moreover, ample alternative evidence of any incriminating information contained in the transcripts had been provided during the trial. There is no indication that the presence of the transcripts in the jury room affected the "substantial rights" of the defendant.
 
 For the foregoing reasons, it is
 
 4
 ORDERED and ADJUDGED by the Court that appellant's convictions are affirmed.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. R. 41.